UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SOLOMON XAVIER THOMPSON, <br><br> Plaintiff, <br><br> v. <br><br> BRIAN WASHINGTON, et al., <br><br> Defendants. | Case No. C24-0779-JLR-SKV <br><br> REPORT AND RECOMMENDATION |

INTRODUCTION

Plaintiff Solomon Xavier Thompson is a former inmate at the Monroe Correctional Complex Sky River Treatment Center in Monroe, Washington. Dkt. 5. He was released from custody one day after initiating this action. *See* Dkt. 3. Proceeding pro se and *in forma pauperis* (IFP), Plaintiff filed a 42 U.S.C. § 1983 civil rights complaint naming correctional officers Brian Washington, Keri Walters, and Robert Fuller as defendants.[1]

---

[1] Plaintiff appears to name the "Department of Enterprise: Corrections Division" as a defendant in the caption of his complaint. *See* Dkt. 5 at 1. No such division exists, however, and Plaintiff does not enumerate such a defendant under Section II of his complaint where he lists the three individual defendants. Moreover, to the extent Plaintiff intended to name the Department of Corrections, or any other department of the state, state entities are not "persons" subject to suit in federal court and are as such immune under the Eleventh Amendment. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). The Court therefore construes Plaintiff's complaint as naming only the three correctional officers as defendants.

REPORT AND RECOMMENDATION - 1

1    On July 12, 2024, the Court issued an Order Declining to Serve and Granting Leave to
2  Amend.  Dkt. 6.  The Court identified deficiencies in the complaint and granted Plaintiff leave to
3  amend his complaint, if possible, to correct the deficiencies.  The Court noted that if no amended
4  complaint was timely filed, or if Plaintiff filed an amended complaint that failed to correct the
5  identified deficiencies, it would recommend that this matter be dismissed.  To date, Plaintiff has
6  not responded to the Court's Order.  The Court now recommends dismissal.

DISCUSSION

8    To sustain a cause of action under 42 U.S.C. § 1983, a plaintiff must show that (1) he
9  suffered a violation of rights protected by the Constitution or created by federal statute, and
10 (2) the violation was proximately caused by a person acting under color of state law.  *See*
11 *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991).  A plaintiff must provide more than
12 conclusory allegations; he must both identify the specific constitutional right infringed, *Albright*
13 *v. Oliver*, 510 U.S. 266, 271 (1994), and allege facts showing how defendants caused or
14 personally participated in causing the harm alleged.  *See Leer v. Murphy*, 844 F.2d 628, 633 (9th
15 Cir. 1988); *Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981).

16    In his complaint, Plaintiff does not specify a constitutional right that was allegedly
17 violated by Defendants' actions.  Plaintiff avers that as he exited the recreation yard, Defendant
18 Washington stated, "you know what they say, if you're feelin' froggy then leap."  Dkt. 5 at 6.
19 Plaintiff further alleges he was "taunted through excessive use of force verbal commands,"
20 without explaining what those commands were or how they violated any constitutional right.  *Id.*
21 Defendant Walters then stated, "come on Thompson, before you go to the hole."  *Id.*  Plaintiff's
22 argument that these statements constituted threats is unsupported.  He apparently subsequently
23 submitted a resolution request and then a kite to Defendant Fuller and both were either dismissed

REPORT AND RECOMMENDATION - 2

1   or denied. *Id.* at 4-5.  These allegations are confusing, lack sufficient detail, and contain no more

2   than conclusory assertions without connecting Defendants' alleged actions to Plaintiffs' alleged

3   injuries.  Plaintiff has therefore not stated a claim upon which relief can be granted.  *See Jones v.*

4   *Cmty. Dev. Agency*, 733 F.2d 646, 649 (9th Cir. 1984) (vague and mere conclusory allegations

5   unsupported by facts are not sufficient to state section 1983 claims).

6       Moreover, it is difficult to determine what relief Plaintiff is seeking here.  To the extent

7   he seeks criminal prosecution of Defendants, however, such relief is not available through

8   § 1983.  As a civil rights statute, § 1983 "provide[s] access to a federal forum for claims of

9   unconstitutional treatment at the hands of state officials," and does not create a basis for criminal

10  liability.  *Heck v. Humphrey*, 512 U.S. 477 (1994).

## CONCLUSION

12      Because Plaintiff failed to respond to the Court's Order directing him to submit an

13  amended pleading and because of the deficiencies described above, the Court now recommends

14  the complaint, Dkt. 5, be DISMISSED.  A proposed Order accompanies this Report and

15  Recommendation.

## OBJECTIONS

17      Objections to this Report and Recommendation, if any, should be filed with the Clerk and

18  served upon all parties to this suit not later than **fourteen (14) days** from the date on which this

19  Report and Recommendation is signed.  Failure to file objections within the specified time may

20  affect your right to appeal.  Objections should be noted for consideration on the District Judge's

21  motions calendar **fourteen (14) days** from the date they are filed.  Responses to objections may

22  be filed by **the day before the noting date**.  If no timely objections are filed, the matter will be

23  ///

REPORT AND RECOMMENDATION - 3

ready for consideration by the District Judge on **September 26, 2024**.

Dated this 5th day of September, 2024.

                                             *S. Kate Vaughan*
                                             S. KATE VAUGHAN
                                             United States Magistrate Judge

REPORT AND RECOMMENDATION - 4